IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:12-CR-316 (NAM) |
| v. | |
| STANLEY L. COHEN, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its Sentencing Memorandum requesting that the defendant be sentenced in accordance with the Fed. R. Crim. P 11(c)(1)(C) agreed-upon disposition as set forth in a plea agreement previously filed with this Court concerning criminal charges in Indictment 12-CR-316 (NAM) filed in the Northern District of New York, and referenced in a plea agreement recently transferred to this Court from, and concerning criminal charges in Indictment 13-CR-979 (PAE) filed in, the Southern District of New York (now docketed in this District as 5:14-CR-217 (NAM)).

I

INTRODUCTION

On April 14, 2014, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement dated April 11, 2014 and filed that day in the Northern District of New York ("NDNY"), the defendant entered a plea of guilty to Count 1 of three-count Indictment 12-CR-316 (NAM), which charges him with obstructing and impeding the Internal Revenue Service ("IRS"), in violation of Title 26, United States Code, Section 7212(a). On May 1, 2014, pursuant to a separate plea agreement dated May 1, 2014, the defendant also entered a plea of guilty to Counts One and Two of Indictment 13-CR-979 (PAE) filed in the Southern District of New York ("SDNY"), which counts charge the defendant with the wilful failure to file U.S. individual income tax returns, Forms 1040, respectively, for the 2006 and 2007 tax years, in violation of Title 26, United States Code, Section 7203. The respective parties have agreed that, pursuant to Fed. R. Crim. P. 20, the SDNY case will be (and has been) transferred to this Court to be considered together with, or formally consolidated with, the NDNY case for sentencing (the former SDNY criminal case has been transferred to NDNY and, as noted above, is now assigned NDNY case number 14-CR-217 (NAM)). The parties further have agreed that sentence in the cases shall be imposed by this Court. The defendant is scheduled to be sentenced by this Court on September 5, 2014 in Syracuse, New York.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.Statutory Maximum Sentences

As noted in the Presentence Investigation Report ("PSR") at page 1 and at ¶¶ 77, 82-84, and 87-90, the defendant's conviction for obstructing and impeding the IRS, in violation of 26 U.S.C. § 7212(a), subjects the defendant to a statutory maximum term of imprisonment of not more than three years; a maximum term of supervised release of one year; a maximum fine of $250,000; and a $100 special assessment. The defendant's conviction for wilful failure to file U.S. individual income tax returns for tax years 2006 and 2007, in violation of 26 U.S.C. § 7203, subjects the defendant to a maximum term of imprisonment of not more than one year, a maximum term of supervised release of one year, a maximum fine of $100,000; and a $25 special assessment on each count.

Additionally, the defendant has agreed in his NDNY plea agreement, at ¶ 1f, entitled Tax Offenses/Compliance/Disclosures to IRS and New York State Tax, to the following:

> The defendant agrees to provide timely, full, complete, and accurate information to the Internal Revenue Service for the calendar years 2005 through 2010 and fully cooperate in the determination and payment of any and all income taxes, fines, penalties, and interest that may be due and owing to the United States and/or New York State for those years by the defendant, and defendant agrees to file federal and New York State income tax returns for calendar years 2005 through 2010.

The defendant further agreed in his SDNY plea agreement, in the second and third paragraphs (on page 1 and page 2), to the following:

It is understood that, at least two weeks prior to the date of sentencing, the defendant shall file accurate U.S. Individual Income Tax Returns, Forms 1040, for the calendar years 2005 through 2010. The defendant will pay past taxes due and owing to the IRS for calendar years 2005 through 2010, including any applicable penalties, on such terms and conditions as will be agreed upon between the defendant and the Internal Revenue Service ("IRS").

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), the defendant further agrees to pay restitution to the IRS for the amount of additional tax due as a result of the filing of above described tax returns, as described in the immediately succeeding paragraph and as determined by the IRS. The defendant also agrees to pay restitution to the New York State Department of Taxation and Finance, based on his filing, at least two weeks prior to sentencing, of New York State income tax returns for the tax years 2005 through 2010. The restitution amount shall be paid according to a plan established by the Court. If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release or probation, the IRS can use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

2. Guidelines Provisions

   a. **Offense Level**

   As noted in the PSR at ¶¶ 49-57, the Probation Office has calculated a "total offense level" for the defendant's conviction on these guilty pleas of 20.

   b. **Criminal History Category**

   According to the PSR, the defendant's criminal history category is I. The government agrees with the Probation Office's determination of the defendant's criminal history category.

   c. **Guidelines Range and Sentence**

   As described above, the total offense level is 20 and the criminal history category is I.

   As a result, the defendant could face a Guidelines sentence of 33-41 months (PSR ¶ 78), however the PSR correctly notes that the statutory maximum sentence for a violation of 26

§ 7212(a) is three years (36 months) (PSR ¶ 77), and that the parties have agreed entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement with an agreed-upon disposition, as further below.

### c. Agreed Upon Sentence Pursuant to Fed. R. Crim. P. 11(c)(1)(C)

As noted in the NDNY Plea Agreement (attached to and specifically cross-referenced in the SDNY plea agreement) at paragraph 3, the parties have agreed that a specific sentence of a term of eighteen (18) months imprisonment, in the discretion of the Court a term of supervised release of not more than one year, and a special assessment of $100 is an appropriate disposition of this case. The government stands by its commitments as set forth in the Plea Agreement, including the 11(c)(1)(C) agreed-upon disposition language. In particular, the government has determined that this sentence appropriately accounts for both the extensive, somewhat stealthy, and long-running offense conduct of this lawyer-defendant, while simultaneously recognizing the special consequences to be visited upon him as the result of this felony conviction – consequences not common to most other defendants. "The United States Attorney's Office and the defendant agree that, to the extent the agreed-upon disposition departs from the applicable sentencing guidelines range, that departure would be made for justifiable reasons under U.S.S.G. § 6B1.2(c)(2). In particular, the specified sentence is reasonable and appropriate under the unique combination of facts and circumstances relating to the defendant, the offense of conviction, and related relevant conduct." (NDNY Plea Agreement at ¶ 3).

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to the agreed upon terms identified above, and in ¶ 3 of the NDNY Plea Agreement.

An overview of the offense conduct and related conduct of the defendant substantially is set forth in the NDNY Indictment 12-CR-316 and in the PSR ¶¶ 1-43. Two pictures are created from a review of that information. The first is of a common tax cheat. The defendant failed to file a federal or state tax income return for six consecutive years (and beyond), although some payments were made to the IRS during that period. Limited available financial records show that that in the last year he filed an income tax return (2004), he reported earnings appreciably below deposits he made to accounts he maintained in that year. Additional information shows that he frequently received cash, spent cash, and transferred cash, or cash equivalents, and failed to file reports and forms required by law for certain cash transactions in his business. Common activities of a tax evader. But there is also a second picture here. This defendant – a lawyer, a licensed professional, admitted to practice before this Court and other courts - (a) conducted his his business and financial affairs in a manner designed to avoid creating a paper trail or government detection of gross receipts and income received in his law business; (b) took advantage of less financially sophisticated individuals (and sometimes their families), often involved in the drug trade, who often faced serious federal felony charges and had substantial amounts of cash at their disposal; and (c) by so doing, enabled him to evade his responsibilities as a citizen to pay his fair share of taxes. These activities were undertaken using a variety of

means, which included: running a substantial portion of his law practice as a cash business, failing to maintain books and records for client billing, client receipts, invoices and designated client funds; maintaining no interest-bearing accounts and thus avoiding the reporting of interest income (and, more importantly, the existence of any such account) to the IRS; causing his law practice to not file required cash transaction forms; causing wire transfers of substantial amounts of cash income received in his law business to a non-interest bearing, non-bank credit card account; personally making frequent trips to a safe deposit box; and making multiple deposits and transfers of cash in a local bank, often in multi-thousand dollar amounts but almost always under $10,000. Affirmative acts all, and each inuring to his financial benefit and contributing to to a system manifestly designed to obstruct and impede the IRS in enforcing the tax laws. Additionally, he paid his long-time office assistant 'under the table' and failed to pay employment taxes for that individual, solicited 'investments' from individuals who later became clients (who have stated their 'investments' were paid in cash to the defendant in amounts substantially greater than $100,000, each), and apparently did not maintain a separate account for client funds.

The government recognizes, however, the unique and substantial consequences imposed upon a lawyer convicted of a federal felony offense, the effects of such consequences, and that such consequences are beyond those imposed on a typical defendant. We further recognize the likely substantial federal and state tax obligations facing the defendant, which he has agreed in both his NDNY and SDNY plea agreements to address and satisfy.

Therefore, under the unique facts present here, the government submits that the 11(c)(1)(C) sentence identified above, and in the NDNY Plea Agreement, is appropriate and will

be sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted this 15th day of August, 2014.

                    RICHARD S. HARTUNIAN
                    United States Attorney

By: /s/
    Stephen C. Green
    Assistant United States Attorney
    Bar Roll No. 507767

By: /s/
    John G. Duncan
    Executive Assistant United States Attorney
    Bar Roll No. 601100

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*****************************************

UNITED STATES OF AMERICA,

                                         Criminal Action No.
                                         5:12-CR-316 (NAM)

        v.

STANLEY L. COHEN,
        Defendant.

*****************************************

### CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2014, I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent a copy via facsimile to the following: Donald E. Kinsella, Esq.

                                         /s/
                                         Deanna Lieberman
                                         Paralegal Specialist