**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
==================================================

UNITED STATES OF AMERICA,

                                          Plaintiff,        12-CR-316 (NAM)

    -against-

                                                                 SENTENCING MEMORANDUM OF
STANLEY L. COHEN                                             DEFENDANT STANLEY COHEN

                                          Defendant.

==================================================

**I. Introduction**

On April 14, 2014 defendant Stanley Cohen entered into a plea agreement and plead guilty to impeding the IRS, in violation of 26 USC §7212(a). Mr. Cohen also plead guilty in the Southern District of New York on May 1, 2014 to two misdemeanor counts of failure to file tax returns in violation of 26 USC §7203. The SDNY case was transferred to this District for sentencing. Mr. Cohen is scheduled to be sentenced on October 21, 2014.

**II. Background and Personal Circumstances of Stanley Cohen**

Stanley Cohen is a 63 year-old attorney who has been practicing law in New York State and elsewhere, in and outside of the United Sates, for 31 years. The Presentence Report (PSIR) sets forth the details of Mr. Cohen's background, education and family circumstances. This Court is also familiar with Mr. Cohen, as he has practiced before it for several years. He is well known as a criminal defense attorney and as a human rights attorney who represents his clients zealously and fearlessly. More personal circumstances regarding Mr. Cohen, are set forth in this memorandum as they pertain to specific sentencing issues.

**III. Facts and Circumstances of the Case**

The facts and circumstances of this case are thoroughly described in the PSIR and the plea agreement executed by Mr. Cohen. As will be stressed throughout, Mr. Cohen is guilty of the offense and does not downplay his guilt, or his conduct. Suffice it to say, Mr. Cohen has always been more focused on practicing law and representing his clients to the best of his abilities, but has not handled his financial affairs in a business-like manner.

**IV. Sentencing Calculations, Issues and Recommendations**

<u>**Guidelines Calculation**</u>

The PSIR Sentencing Guidelines recommended calculation places Mr. Cohen at a Level of 20, with no credit for acceptance of responsibility. Mr. Cohen admitted his guilt in both his plea allocution and in his plea agreement. Mr. Cohen admitted that his action may have impeded the IRS and that he did not file returns for a number of years. The reference in the PSIR to Mr. Cohen's ramblings on his website the night before his plea have no bearing on his admissions of guilt and acknowledgment of his criminal culpability.

**Incarceration**

The recommended Guidelines range calls for incarceration from 33-41 months. However, if Mr. Cohen's admissions are taken into account and he is found to have accepted responsibility by the Court, he would receive a three level reduction to Level 17 and would face a recommended Guidelines sentence 24-30 months. The plea agreement calls for a sentence of imprisonment of 18 months.

**Supervised Release**

The Court may impose a term of supervised release of less than one year according to statute, 18 U.S.C. §3583(b)(3), and Sentencing Guidelines §5D1.2(a)(3). The plea agreement

leaves the decision as to whether a term of supervised release should be imposed to the discretion of the Court, but notes that it is not to exceed one year.

### Probation

Probation is not an option in this case.

### Fine

Paragraph three of the plea agreement stipulates that the sentence be 18 months imprisonment, a term of supervised release of up to one year (at the discretion of the Court), and the imposition of a special assessment.  The plea agreement does not call for imposition of a fine, and as it was not included in the agreement, a fine should not be imposed.  In any event, Mr. Cohen, it is submitted, does not have the financial ability to pay a fine, and he will be required to pay all sorts of taxes, fines and penalties by the IRS.

### Recommended Restitution

Restitution is not an issue in this case.

### Forfeiture

The plea agreement stipulating the sentence to be imposed did not include criminal forfeiture.  Paragraph 7H of the plea agreement does contemplate that the Defendant will not oppose civil asset forfeiture, but is not applicable to a criminal forfeiture as none was agreed to as part of the stipulated sentence.

### Downward Departure Motions by Government

No motion is anticipated from the Government.

### Departure for Combination of Circumstances - §5K2.0

As this is a stipulated sentence, there is no need to address the issue of whether there is a combination of factors present in this case that would warrant a departure based on the failure of

the Guidelines Commission to adequately consider the factors when formulating the recommended Sentencing Guidelines.

**V.  Non-Guidelines Sentence – Alternative to §5K2.0 –  18 USC §3553(a) Factors**

Although there is a stipulated sentence in this case, it is submitted that an evaluation of the factors to be considered pursuant to 18 U.S.C. §3553(a) justify the Court in imposing, at most, the agreed upon sentence.

**Section 3553 (a) (1) -Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

Mr. Cohen understands the seriousness of his conduct, and acknowledges that he should have filed his tax returns and been attentive to his obligations to report financial obligations.  His busy practice and personal interest in each of his client's cases resulted in his inattention to his tax and reporting obligations related to his law practice.  As documented in the PSIR, Mr. Cohen has made a career of zealously representing people who most lawyers would hesitate to represent – in the great tradition of the legal profession.  Almost all of his time has been devoted to representing his clients, and almost all of the money he took in as part of his practice was expended for his pro bono work.

**Section 3553 (a) (2) Factors**

    a.  **(a)(2)(A) -The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Respect for the Law and Just Punishment**

There is no doubt that an 18 month sentence reflects the seriousness of this offense. It is a felony conviction with all the attendant collateral consequences; that alone reflects the seriousness of his conduct. Such a sentence would do nothing to detract from the public's respect for the law and it is submitted that it would be more than just punishment here under all of the circumstances.

### b. (a)(2)(B) -General Deterrence

Any sentence for a felony would deter any reasonable person from becoming involved in the sort of activity involved in this case. No prospective prison sentence will necessarily deter an individual – knowing that engaging in certain types of activities increases the likelihood of law enforcement scrutiny, apprehension and conviction is about the only thought that will deter individuals. The existence of a criminal justice system generally deters people from committing crimes. There is also no evidence that sentence length reduces crime through deterrence. See Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A Review of Research 28-9 (2006); Durlauf, S. N. and Nagin, D. S. (2011), *Imprisonment and Crime*, Criminology & Public Policy, 10: 13–54; and Tierney, John, *Prison Population Can Shrink When Police Crowd Streets*, New York Times, January 26, 2013.

### c. (a)(2)(C)  - Protection of the Public

An 18 month prison sentence for Mr. Cohen will adequately protect the public. In fact the public will be protected whether Mr. Cohen goes to jail or not as he is not a danger to anyone.

### d. (a)(2)(D) – Need for Education, Training, Medical Care, et al.

Mr. Cohen will most likely not benefit from programs at the Bureau of Prisons. The PSIR describes his medical condition, and it is obvious that this can be best dealt with outside the system.

**Section 3553 (a)(3) - Kinds of Sentences Available**

A sentence of incarceration is the stipulated sentence.

**Sections 3553 (a)(4) and (a)(5) – Advisory Guideline Range and Policy Statements**

See Part IV above.

**Section 3553 (a)(6) -Sentencing Disparity**

Sentencing disparity is not an issue in this case.

**Section 3553 (a)(7) –Restitution**

This does not appear to be a factor in this case.  Mr. Cohen does understand that he must file tax returns and pay the taxes and penalties that are due.

## VII. Conclusion

For all the foregoing legal and factual reasons, the Court should impose a sentence of eighteen months imprisonment and no term of supervised relief.  Finally, the Defendant requests that the Court recommend that he be incarcerated in a BOP facility as close as possible to his home and family; that the Court recommend that Mr. Cohen be evaluated as to his medical condition as soon as possible so as to receive appropriate treatment; and that for the reasons stated in the filings with this Court on September 25 and 26, that he be authorized to report to the his designated BOP facility on a date within time limits set by the Court and the BOP.

I certify that this Memorandum was filed with the NDNY ECF system and that notice was thus provided to The United States Attorney's Office and the U.S. Probation Office for the Northern District of New York
Dated: September 30, 2014

    Respectfully submitted,

    /S/   Donald T. Kinsella
    Donald T. Kinsella
    Bar Roll No.: 103149
    Attorney for Defendant COHEN
    90 State Street
    Albany, NY 12207
    518-312-4176
    dkinsella@khlaw.net